# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ANTHONY RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 2:16-CV-93 |
| | ) |
| FEDERAL BUREAU OF | ) |
| INVESTIGATION, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Complaint (DE #1), the Petition to Proceed Without Pre-Payment of Fees and Costs (DE #2), and the Plaintiff's Motion to Compel Preparation of a Vaughn Index (DE #3), all filed by Plaintiff, Anthony Rhodes, on March 15, 2016. For the reasons set forth below, the Court:

(1) **DISMISSES** the complaint (DE #1);

(2) **DENIES** the motion for leave to proceed *in forma pauperis* (DE #2);

(3) **DENIES** the motion to compel as **MOOT** (DE #3);

(4) **GRANTS** Plaintiff to and including April 17, 2017, to file an amended complaint in accordance with this order and either pay the filing fee or refile his *in forma pauperis* petition, making sure that all information is up to date as of the time of filing; and

1

(5) **CAUTIONS** Plaintiff that if he does not respond by the deadline, this action is subject to termination without further notice.

BACKGROUND

Plaintiff, Anthony Rhodes ("Rhodes"), initiated this case by filing a *pro se* complaint (DE #1) and a petition to proceed *in forma pauperis* ("IFP") (DE #2) on March 15 2016. That same day, he also filed a motion to compel the "[p]reparation of a Vaughn Index." (DE #3.) In his complaint, Rhodes lists one defendant, the Federal Bureau of Investigation ("FBI"). (DE #1.) Rhodes asserts that he is suing the FBI on ten legal theories "because they have performed a number of illegal acts against [his] person during the years of 2004 (to my knowledge) to this current date." (*Id.* at 2.) The specific causes of action with supporting facts, in full, as listed in Rhodes' complaint are as follows:

> 1. **Obstruction of Justice**- It is my assertion that the [FBI] did knowingly and willingly use the E7 exclusion of the Freedom of Information Act to obstruct justice, by purposely placing information which would clearly reveal their wrongdoing within it; thereby preventing my access to such records upon my Freedom of Information Act requests dated August 2, 2006 and November 22, 2015.
>
> 2. **Privacy Invasion**- It is my assertion that the [FBI] did knowingly and willingly use agents and/or others to harass me during the years of 2004 (to my knowledge) to present.

3. **Harassment**- It is my assertion that the [FBI] did knowingly and willingly use agents and/or others to invade my privacy during the years of 2004 (to my knowledge) to present.

4. **Torture**- It is my assertion that the [FBI] did knowingly and willingly use agents and/or others to use directed energy weapons to torture me during the years of 2004 (to my knowledge) to present.

5. **Theft**- It is my assertion that the [FBI] did knowingly and willingly use agents and/or others to steal my personal and intellectual property during the years of 2004 (to my knowledge) to 2015.

6. **Destruction of Property**- It is my assertion that the [FBI] did knowingly and willingly use agents and/or others to destroy my personal property during the years of 2004 (to my knowledge) to 2014.

7. **Defamation**- It is my assertion that the [FBI] did knowingly and willingly use agents and/or others to defame my character during the years of 2004 (to my knowledge) to present.

8. **Civil Rights Violation**- It is my assertion that the [FBI] did knowingly and willingly use agents and/or others to violate my civil rights during the years of 2004 (to my knowledge) to present.

9. **Attempted Murder**- It is my assertion that the [FBI] did knowingly and willingly use agents and/or others to attempt to murder me (by forced suicide) during the years of 2004 (to my knowledge) to present.

10. **Official Misconduct**- It is my assertion that as a result of these acts, the [FBI] was both improper and illegal in its duty to act in the public good.

(*Id*. at 2-3.) Rhodes has requested "assistance" in "compel[ling] delivery of the records" and compensation in the amount of $250,000,000.00 in "punitive damages" for the FBI's allegedly "heinous and illegal acts." (*Id*. at 3.)

ANALYSIS

The IFP statute, 28 U.S.C. § 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (e.g. filing fee) of the lawsuit. *See* 28 U.S.C. § 1915(a)(1); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r,* 841 F.2d 751, 757 (7th Cir. 1988). The screening court must dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim that "no reasonable person could suppose to have any merit" is considered frivolous. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th

4

Cir. 2000). To determine whether the suit states a claim upon which relief can be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In deciding a motion to dismiss under Rule 12 (b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). "This means that the complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief." *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632-33 (7th Cir. 2013) (internal quotation marks and citation omitted).

In this case, while Rhodes' poverty level justifies IFP status, the suit as drafted cannot proceed. In general, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475

5

(1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). Here, Rhodes has attempted to bring his claims against the FBI pursuant to 42 U.S.C. section 1983. Section 1983 provides a cause of action for violations of the constitution by "any person" acting under color of state law. While municipalities and other local government entities have been deemed "persons" for purposes of section 1983 liability, states and state agencies have not and remain immune from suits under the Eleventh Amendment. See *Quern v. Jordan*, 440 U.S. 332, 338 (1979); *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 (1978). It is equally clear that section 1983 does not waive the federal government's sovereign immunity. See *Hampton v. Hanrahan*, 522 F. Supp. 140, 147 (N.D. Ill. 1981) ("[P]laintiffs cite no case, and we find none, in which *Monell* has been extended to governmental bodies other than local governments. We thus reject plaintiffs' argument that we have jurisdiction over the United States under s[ection] 1983 on the basis of *Monell* . . . ."); see also *Askew v. Bloemker*, 548 F.2d 673, 676–77 (7th Cir. 1976) ("[n]o claim lies under s[ection] 1983 . . . for actions taken under color of federal law.")). Rhodes cannot use section 1983 as a vehicle to sue the FBI.

Furthermore, while the Supreme Court recognized an implied cause of action for monetary damages against federal agents sued as individuals for constitutional violations in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388,

6

389–91 (1971), it has declined to imply a similar cause of action directly against federal agencies. *Meyer*, 510 U.S. at 473; see also *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71–72 (2001) (refusing to extend *Bivens* and noting that, with respect to constitutional violations, the "only remedy lies against the individual" and not against the individual's employer, the federal agency, or the United States). Because Rhodes has named only the FBI as a defendant and has not listed any individual agents in either the caption or body of his complaint, it would be improper to allow this complaint to proceed as a viable *Bivens* action. See *Myles v. U.S.*, 416 F.3d 551, 553 (7th Cir. 2005) (It is "unacceptable for a court to add litigants on its own motion. Selecting defendants is a task for the plaintiff, not the judge.").[1]

---

[1] Even if Rhodes had named individual defendants in his complaint, the Court notes that he has failed to state a *Bivens* claim. To establish such a claim, a plaintiff must allege that a constitutional violation has occurred. *Bivens*, 403 U.S. at 395-97. "Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Here, Rhodes' complaint sets forth only sketchy, implausible, and threadbare conclusory statements. For example, Rhodes alleges "civil rights violations" in that the FBI "did knowingly and willingly use agents and/or others to violate [his] civil rights during the years of 2004 . . . to present." (DE #1, p. 3.) He also alleges that the FBI tortured him by "knowingly and willingly us[ing] agent and/or others to use directed energy weapons to torture me during the years of 2004 . . . to present." (*Id*.) Although the Court is obligated to accept factual allegations as true, "some factual allegations [are] so sketchy or implausible that they fail to provide sufficient notice . . . of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Furthermore, the Court may "not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. Even taking Rhodes' *pro se* status into consideration, his allegations are

It is possible that Rhodes is attempting to sue the FBI under the Federal Tort Claims Act ("FTCA") which provides a limited waiver of sovereign immunity for some tort claims. 28 U.S.C. §§ 1346(b), 2671–2680. However, the "only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. U.S.*, 701 F.2d 56, 58 (7th Cir. 1982) ("Under the Federal Tort Claims Act, a governmental agency cannot be sued in its own name; the action must be brought against the United States."). As noted above, Rhodes has only sued the FBI, and this Court will not substitute parties for him *sua sponte*. *Myles*, 416 F.3d at 553.[2]

---

insufficient to state a *Bivens* claim, and what few facts he does provide (i.e. that the FBI used "directed energy weapons" to torture him and attempted to murder him by "forced suicide") are frivolous. See *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002) (sometimes a suit may be dismissed because "the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity.").

[2] Furthermore, even assuming that Rhodes had named the United States as a defendant, his complaint as drafted suffers from numerous problems. First, the FTCA does not waive sovereign immunity for constitutional torts, so any such potential claims are not cognizable. 28 U.S.C. § 1346(b); *Meyer*, 510 U.S. at 477-78; *Russ v. U.S.*, 62 F.3d 201, 204 (7th Cir. 1995) ("constitutional wrongs cannot be remedied through the FTCA"). Second, while the United States can be found liable in some instances for common law torts under the FTCA to the same extent as a private person would be under applicable state law provisions, Rhodes has not adequately pled any such claims. His allegations of obstruction of justice, invasion of privacy, harassment, torture, theft, destruction of property, defamation, attempted murder, and official misconduct (see DE #1, p. 3) are either not recognized as valid tort claims under Indiana law and/or are simply threadbare, conclusory allegations that fail to state a claim. *Brooks*, 578 F.3d at 581. Moreover, the FTCA requires claimants to exhaust certain administrative remedies prior to suing the federal government in tort; a federal court does not have jurisdiction to entertain suits brought pursuant to the FTCA before such remedies are exhausted. 28 U.S.C. § 2675(a); *Charlton v. U.S.*, 743 F.2d 557, 558-60 (7th Cir. 1984). Here, there is no allegation that Rhodes ever pursued any administrative remedies under the FTCA. Finally, the only monetary damages Rhodes has requested are in the form of $250,000,000.00 in

To the extent that Rhodes has requested "assistance" in compelling delivery of records that the FBI has allegedly refused to provide him with, it is possible that Rhodes may have intended to bring suit pursuant to the Freedom of Information Act ("FOIA"). As explained by the Supreme Court:

> FOIA represents a carefully balanced scheme of public rights and agency obligations designed to foster greater access to agency records than existed prior to its enactment. That statutory scheme authorizes federal courts to ensure private access to requested materials when three requirements have been met. Under 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.' Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation.

*Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). Upon a proper request, an agency must disclose the records unless they are subject to one of the exemptions listed in the statute. *Enviro Tech Intern., Inc. v. U.S. E.P.A.*, 371 F.3d 370, 374 (7th Cir. 2004) (citing 5 U.S.C. § 552(a), (b)). FOIA exemptions must be construed narrowly in favor of disclosure. *Patterson v. I.R.S.*, 56 F.3d 832, 835 (7th Cir. 1995). That said, the statute itself mandates that the request must "reasonably

---

punitive damages. However, the United States cannot be held liable for punitive damages under the FTCA. 28 U.S.C. § 2674.

describe[]" the records sought. 5 U.S.C. § 552(a)(3). Courts have held that vague, unspecified requests are not proper and need not trigger mandatory agency disclosure. See e.g. *Marks v. U.S. Dep't of Justice*, 578 F.2d 261, 263 (9th Cir. 1978) ("broad, sweeping requests lacking specificity are not permissible"); *Mason v. Callaway*, 554 F.2d 129, 131 (4th Cir. 1977) (seeking disclosure of "all correspondence, documents, memoranda, tape recordings, notes, and any other material pertaining to the atrocities committed against plaintiffs . . . typifies the lack of specificity that Congress sought to preclude"). In an unpublished decision citing to both *Marks* and *Calloway*, the Seventh Circuit Court of Appeals acknowledged, *in dicta*, that dismissal of a FOIA complaint is warranted if a claim rests entirely on such overly broad or unspecific requests that the facts pled "cannot result in any plausible relief." *Moore v. F.B.I.*, 283 Fed. App'x 397, 399 (7th Cir. 2008) (quoting *Segal v. Geisha NYC LLC*, 517 F.3d 501, 505 (7th Cir. 2008)); see also *Burr v. Huff*, 112 Fed. App'x 537, 537-38 (7th Cir. 2004) (affirming dismissal of a FOIA complaint for lack of subject matter jurisdiction where the plaintiff requested "any records the agency might have relating to either her or to a bomb-threat investigation purportedly initiated by a NFL player" because the allegations in the complaint were "so frivolous as to be insubstantial").

Here, Rhodes alleges that the FBI used the "E 7 Exclusion"[3] to obstruct justice by "purposefully placing information which would clearly reveal their wrongdoing within it" and prevented him from receiving records related to FOIA requests dated August 2, 2006, and November 22, 2015. (DE #1, p. 2.) He has not described the contents of these FOIA requests in the body of his complaint in any way (nor has he appended the actual FOIA requests or agency denial letters to his complaint). Simply put, the complaint does not allege that Rhodes made any sufficiently specific requests for information to the FBI that were then improperly withheld by the FBI.[4] Such vague and conclusory allegations, devoid of any factual details, do not provide fair notice of his claims. *Brooks*, 578 F.3d at 581; *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Moreover, the remainder of Rhodes' complaint, which references unspecified actions allegedly taken by

---

[3] Although it is not entirely clear, the Court assumes that Rhodes is referring to 5 U.S.C. § 552(b)(7)(E) which provides an exclusion for "records or information compiled for law enforcement purposes" that would "disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

[4] Rhodes' "Motion to Compel Preparation of a *Vaughn* Index" does nothing to shed light on his allegations. In it, Rhodes simply requests "an itemized, indexed inventory of every agency record or portion thereof responsive to [his] request which [the FBI] asserts to be exempt from disclosure . . . ." (DE #3.) Furthermore, as an aside, the Court notes that the government is not obligated to create a *Vaughn* index in every FOIA case, and it is inappropriate to compel the production of one in the initial stages of litigation. *Bassiouni v. C.I.A.*, 248 F. Supp. 2d 795, 797 (N.D. Ill. 2003) (citing *Wright v. OSHA*, 822 F.2d 642, 645-46 (7th Cir. 1987)); see also *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

unidentified FBI agents related to harassment, torture (using "directed energy weapons"), theft, destruction of property, defamation, civil rights violations, attempted murder ("by forced suicide"), and misconduct, suggests that any FOIA claims regarding these allegations are frivolous because "the facts alleged rise to the level of the irrational or wholly incredible." *Alston v. DeBruyn*, 13 F.3d 1036, 1039 (7th Cir. 1994) (citation omitted). Thus, Rhodes' potential FOIA claims as currently drafted are so insubstantial that dismissal is warranted.

In sum, Rhodes has not alleged any cognizable section 1983, *Bivens*, or FTCA claims against the FBI that would support a waiver of its sovereign immunity, so the Court lacks jurisdiction to proceed on these claims. And, to the extent that he intended to bring a FOIA action against the FBI, he has failed to properly do so.

However, he will be permitted to amend his complaint to clarify his claims. Should he choose to amend his complaint, he should clearly identify who he is intending to sue, and he must provide sufficient factual details related to each claim that explains what each defendant did (or did not do) which makes that defendant liable to him. He needs to provide the facts on which his claims are based, and he needs to describe what injuries he has suffered as a result of each claim.

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations and footnote omitted). Furthermore, the Court cautions Rhodes that he should comply with the Federal Rules of Civil Procedure including Rules 18(a)[5] and 20(a).[6] Though it is possible to join more than one claim and more than one defendant in a single lawsuit, "[u]nrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Rhodes should proceed accordingly.

CONCLUSION

For the reasons set forth above, the Court:

(1) **DISMISSES** the complaint (DE #1);

---

[5] "A party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

[6] "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a).

(2) **DENIES** the motion for leave to proceed *in forma pauperis* (DE #2);

(3) **DENIES** the motion to compel as **MOOT** (DE #3);

(4) **GRANTS** Plaintiff to and including April 17, 2017, to file an amended complaint in accordance with this order and either pay the filing fee or refile his *in forma pauperis* petition, making sure that all information is up to date as of the time of filing; and

(5) **CAUTIONS** Plaintiff that if he does not respond by the deadline, this action is subject to termination without further notice.

**DATED: March 16, 2017**          **/s/RUDY LOZANO, Judge**
                                   **United States District Court**